IN THE UNITED STATES DISTRICT COURT FOR
THEEASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:20-CR-171 |
| JORGE JOVEL-BOJORQUEZ | Hon. Rossie D. Alston, Jr. |
| Defendant. | Sentencing: May 8, 2024 |

## UNITED STATES' POSITION ON SENTENCING

The United States of America, through the undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G.") hereby submits its position with respect to sentencing for Defendant Jorge Jovel-Bojorquez.

The United States has reviewed the Presentence Investigation Report ("PSR") prepared by the U.S. Probation Office, and agrees with the finding that Defendant's applicable Guidelines range is fifteen to twenty-one months of incarceration. *See* ECF No. 24 at Page 14 (calculating with a Total Offense Level of 13 and a Criminal History Category of III).

For the reasons set forth below, the United States respectfully submits that an appropriate sentence in consideration of the Guidelines and the factors set forth in 18 U.S.C. § 3553(a) is time served,[1] and a term of supervised release in the Court's discretion with the PSR's recommended special conditions that Defendant surrender to immigration officials for a deportation review upon completion of his term of imprisonment, and cooperate with all

---

[1] Defendant has been in federal custody since November 16, 2023. ECF No. 24 at Page 1. A time served sentence would amount to 174 days, or 5 months and 22 days as of May 8, 2024.

immigration removal procedures.

## BACKGROUND

As set forth in the statement of facts supporting Defendant's plea, Defendant is a citizen and national of Guatemala. ECF No. 22 at Page 1. On June 11, 2010, he was convicted in Virginia County Circuit Court at Arlington, Virginia for two counts of attempted robbery and one count of firearm use in the commission of an attempted robbery, which constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43). *Id.* Defendant's Alien File contained one Immigration Service Form I-205 reflecting that he was removed from the United States on February 16, 2012, from Alexandria, Louisiana. *Id*. at PageID 86. At an unknown date later, Defendant reentered the United States. *Id.*

On August 26, 2019, U.S. Immigration and Customs Enforcement (ICE) learned that Defendant had been detained at the Arlington, Virginia, within the Eastern District of Virginia, for a probation violation. *Id*. Defendant remained in custody until his first appearance in this District on December 21, 2023. ECF No. 9. He did not contest detention and was remanded to the custody of the U.S. Marshals Service that same day. ECF No. 10.

Defendant's arraignment took place before this Court on January 2, 2024, and he pled not guilty. ECF No. 11. Defendant subsequently entered his guilty plea, which the Court accepted, at a change-of-plea hearing on February 6, 2024. ECF No. 21. Afterward, Defendant was again remanded to the custody of U.S. Marshals Service pending sentencing. *Id.*

As of the sentencing date—May 8, 2024—Defendant will have spent approximately 174 days in federal custody.

## ANALYSIS

This Court must consult the advisory Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when making a sentencing decision. *See United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has directed district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Under 18 U.S.C. § 3553(a), the Court should consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to, among other things, reflect the seriousness of the offense and adequately deter criminal conduct; (3) the kinds of sentences available; (4) the Sentencing Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. Ultimately, the sentence imposed must meet a standard of reasonableness. *See Booker*, 543 U.S. at 260-61.

### A. Sentencing Guidelines

Defendant's Total Offense Level is thirteen.

The base offense level for Defendant's illegal reentry after removal is eight. *See* U.S.S.G. § 2L1.2(a). Because Defendant—before he was removed from the United States—engaged in criminal conduct that resulted in a felony conviction for which the sentence imposed was two years or more, he is subject to an eight-point enhancement. *Id.* § 2L1.2(b)(1)(A). Therefore, Defendant's adjusted offense level is sixteen.

3

Defendant qualifies for a three-point reduction for acceptance of responsibility. *Id.* § 3E1.1(a) and (b). In addition to the standard two-point reduction, Defendant qualifies for a third point because his adjusted offense level is sixteen or more and because he assisted authorities in the prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. Defendant's Total Offense Level is, therefore, thirteen. *See also* ECF No. 24 at Page 6.

Defendant has three criminal history points, resulting in a Criminal History Category of III. *See* U.S.S.G. § 2L1.2(a); ECF No. 24 at Page 10.

The advisory Guidelines range for a total offense level of thirteen with a corresponding Criminal History Category of II is fifteen to twenty-one months of imprisonment. *See* U.S.S.G. § 5A; ECF No. 24 at Page 14.

### B. Statutory Analysis and Recommendation

Based upon the § 3553(a) factors, the United States recommends a sentence of time served followed by a term of supervised release in the Court's discretion. The United States also recommends that, as special conditions of any term of supervised release, the Defendant be required to surrender to immigration officials for a deportation review upon completion of his term of imprisonment and cooperate with all immigration removal procedures.

The unique circumstances of this case merit a unique sentencing recommendation that ultimately result in a sentence below the applicable Guideline range. Recommending a time served sentence—here, effectively short of six months—while contemplating a guideline of fifteen to twenty-one months is a significant departure, which the United States does not take lightly. The PSR confirms that Defendant's only violation from his state probation arises from his

4

failure to comply with probation appointments because of his deportation.[2] For this violation, the state court imposed Defendant's five-year suspended sentence from his 2009 convictions. And so, Defendant has been in state custody since August 20, 2019. Simply put, Defendant spent 1,549 days in state custody before being brought to federal custody.

The United States emphasizes that Defendant's federal conviction of illegal reentry after an aggravated felony is treated separately from Defendant's state convictions and probation violation. Generally, the United States would recommend a sentence within the applicable Guidelines range, but given the unique circumstances of this case, the United States deems a time served sentence is sufficient but not greater than necessary to comply with the purposes of § 3553(a)(2).

## CONCLUSION

For the foregoing reasons, the United States recommends a sentence of time served due to the unique circumstance in this case, followed by a term of supervised release in the Court's discretion. The United States also recommends that, as special conditions of any term of supervised release, the Defendant be required to surrender to immigration officials for a deportation review upon completion of his term of imprisonment and cooperate with all immigration removal procedures.

---

[2] The PSR discusses a narrative from the Arlington County Police Department, which provides context to Defendant's 2010 state court felony conviction. ECF No. 24 at Pages 7–9. Considering the totality of circumstances, chief among which are the PSR's police report discussion, the basis for Defendant's probation revocation, and the length of his state court incarceration, the United States contends that a departure below the applicable guidelines is warranted here.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:          /s/

Joseph Castro
Special Assistant United States Attorney
Tony Roberts
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Email: joseph.castro4@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2024, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

/s/
Joseph Castro
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3913
Email: joseph.castro4@usdoj.gov